Juanita R. Brooks, SBN 75934, brooks@fr.com
Jason W. Wolff, SBN 215819, wolff@fr.com
Seth M. Sproul, SBN 217711, sproul@fr.com
Michael A. Amon, SBN 226221, amon@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: 858-678-5070 / Fax: 858-678-5099

Ruffin B. Cordell, DC Bar No. 445801, *appearing pro hac vice*, cordell@fr.com
Lauren A. Degnan, DC Bar No. 452421, *appearing pro hac vice*, degnan@fr.com
Fish & Richardson P.C.
The McPherson Building
901 15th Street, N.W., 7th Floor
Washington, D.C. 20005
Phone: 202-783-5070 / Fax: 202-783-2331

*Attorneys for Defendant Apple Inc.*

*[Additional counsel identified on signature page]*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INCORPORATED,<br><br>Defendant. | Case No. 3:17-CV-2403-CAB-MDD<br><br>**DEFENDANT APPLE INC.'S ANSWER AND COUNTERCLAIMS**<br><br>Judge:     Hon. Cathy Ann Bencivengo<br><br>Courtroom:  4C |

Defendant Apple Inc. ("Apple") files its Answer and Counterclaims to Plaintiff Qualcomm Incorporated's ("Qualcomm" or "Plaintiff") Complaint.

## ANSWER

Apple responds to the allegations contained in the numbered paragraphs of Qualcomm's Complaint below. Apple denies the allegations and characterizations in Qualcomm's Complaint unless expressly admitted in the following paragraphs.

## NATURE OF THE ACTION[1]

1. Apple denies the allegations and characterizations in Paragraph 1 of the Complaint, but states that Qualcomm purports to seek relief through its Complaint.

2. Apple admits that Qualcomm contributed to the development of standards related to how cellular phones connect to voice and data networks. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies them. Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 2.

3. Apple admits that Qualcomm contributed to the development of standards related to how cellular phones connect to voice and data networks. To the extent Paragraph 3 of the Complaint purports to describe matters within Qualcomm's knowledge and control, such as its design and development efforts since 1985, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 3, and therefore denies them. Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 3.

---

[1] Apple repeats the headings set forth in the Complaint in order to simplify comparison of the Complaint and this Response. In doing so, Apple makes no admissions regarding the substance of the headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Apple specifically denies all such allegations.

4. To the extent Paragraph 4 of the Complaint purports to describe matters within Qualcomm's knowledge and control, such as Qualcomm's investments, the number of patents and patent applications Qualcomm owns, the reasons for such ownership, and the number of Qualcomm's licensees, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies them. Apple denies the remaining allegations and characterizations contained in Paragraph 4.

5. Apple admits that it sells mobile electronic products globally, but states that Apple's success is driven by its own creative achievement, technical innovation, differentiated technology, and astute business judgment. Apple admits that Qualcomm has made claims regarding the scope of its alleged patented technologies, but has not proven such allegations, as is its burden. Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of those allegations and characterizations contained in Paragraph 5 of the Complaint, and therefore denies them. In addition, to the extent Paragraph 5 purports to describe matters outside Apple's knowledge and control, such as the nature of Qualcomm and third-party smartphones, Apple is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.[2] Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 5.

6. Apple admits that Qualcomm has made claims regarding the scope of its alleged patented technologies, but has not proven such allegations, as is its burden. To the extent "patented features" refers to the patents Qualcomm purportedly acquired and has asserted in this case, Apple denies any claim of infringement as to

---

[2] To the extent any response is required to Footnote 1 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Footnote 1, and therefore denies them.

these patents, which do not "enable" or "enhance" any features of the accused products. In addition, to the extent Paragraph 6 purports to describe matters outside Apple's knowledge and control, such as the practices of other major mobile device makers, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 6 of the Complaint, and therefore denies them. Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 6.

7. To the extent Paragraph 7 of the Complaint purports to describe matters within Qualcomm's knowledge and control, such as its design and development efforts regarding mobile technology, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 7, and therefore denies them. Apple admits that Qualcomm purports to quote individual, isolated, statements of former Apple employees, and refers to the referenced 1994 interview of Mr. Jobs and article of Mr. Merritt for their contents and context.[3, 4] Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 7 of the Complaint.

8. To the extent Paragraph 8 of the Complaint purports to describe matters within Qualcomm's knowledge and control, such as its investments, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 8, and therefore denies them. Apple denies the remaining allegations and characterizations contained in Paragraph 8 of the Complaint.

---

[3] To the extent any response is required to Footnote 2 of the Complaint, Apple refers to the 1994 interview of Mr. Jobs for its content and context. Apple denies the remaining allegations and characterizations contained in Qualcomm's Footnote 2.

[4] To the extent any response is required to Footnote 3 of the Complaint, Apple refers to the article of Mr. Merritt for its contents and context. Apple denies the remaining allegations and characterizations contained in Qualcomm's Footnote 3.

9.     Apple admits that it sued Qualcomm in this District, *see Apple Inc. v. Qualcomm Incorporated*, Case No. 3:17-cv-00108-GPC-MDD, asking the Court to put an end to Qualcomm's illegal, abusive, and anticompetitive business practices. Apple refers to its First Amended Complaint in that action for its content and context. Apple admits that Qualcomm has entered into confidential licenses with specific Apple contract manufacturers ("CMs"). Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 9 of the Complaint.

10.     To the extent Paragraph 10 of the Complaint implicates legal conclusions, no response is required. Apple admits that Qualcomm has declared patents as allegedly essential to cellular standards and to other standards, but has not proven such allegations, as is its burden. Apple admits that Qualcomm has alleged that it owns patents that are not essential to any industry standards but Qualcomm has not proven such allegations, as is its burden. Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them. To the extent Paragraph 10 purports to describe matters within Qualcomm's knowledge and control, such as the alleged details of patents Qualcomm owns and licenses it has with other companies, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 10, and therefore denies them. Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 10.

11.     To the extent Paragraph 11 of the Complaint implicates legal conclusions, no response is required. Apple admits that Qualcomm asserts five patents in this case,[5] which it claims are non-standard-essential, but has not proven

---

[5] Those patents are U.S. Patent No. 8,683,362 (the "'362 patent"); U.S. 8,497,928 (the "'928 patent"); U.S. Patent No. 8,665,239 (the "'239 patent"); U.S. 9,203,940 (the "'940 patent"); and U.S. 7,844,037 (the "'037 patent") (collectively, "the Asserted Patents").

such allegations as is its burden.  Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.  Apple denies that it infringes any valid and enforceable claim of the Asserted Patents.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 11.

12.    Apple admits that Qualcomm has previously ostensibly offered Apple a direct license to certain patents, but such offers have never been on reasonable terms.  Apple denies that Qualcomm has offered Apple a license specifically directed to any of the five Asserted Patents.  Apple admits that Qualcomm purports to seek relief through its Complaint.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 12 of the Complaint.

## PARTIES

13.    Apple admits that Qualcomm Incorporated is a publicly-traded corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 5775 Morehouse Drive, San Diego, California 92121.  Apple admits that Qualcomm contributed to the development of standards related to how cellular phones connect to voice and data networks.  Apple admits that Qualcomm has alleged that it owns patents that supposedly reflect valuable cellular technologies, but Qualcomm has not proven such allegations, as is its burden.  Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations relating to Qualcomm's patent portfolio in Paragraph 13 of the Complaint, and therefore denies them.  To the extent Paragraph 13 purports to describe matters within Qualcomm's knowledge and control, such as the number of patents and patent applications Qualcomm owns, the subject matter of such patents, the sources of Qualcomm's revenue and profit, and Qualcomm's sales volume, Apple is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 13, and therefore denies them. Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 13.

14.     Apple admits that it is a California corporation with a principal place of business at 1 Infinite Loop, Cupertino, California, 95014. Apple admits that it designs and sells certain mobile electronic products globally. Apple denies that any of its products infringes any of the Asserted Patents. Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 14 of the Complaint.

## JURISDICTION AND VENUE

15.     Apple admits that this Court has subject matter jurisdiction.

16.     Apple does not contest personal jurisdiction over Apple by this Court in this action. Apple admits that it is incorporated in California.

17.     Qualcomm's venue allegation calls for a legal conclusion and therefore no answer is required. Apple admits that it is incorporated in California, and that it sells mobile devices at Apple Stores at 7007 Friars Rd., San Diego, CA 92108 and at 4505 La Jolla Village Dr., San Diego, CA 92122. Apple denies that it has infringed any of the Asserted Patents. Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 17 of the Complaint.

## STATEMENT OF FACTS

### Qualcomm Background

18.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations of Qualcomm in Paragraph 18 of the Complaint, and therefore denies them.

19.     Apple admits that Qualcomm contributed to the development of certain standards related to how cellular phones connect to voice and data networks. Apple admits that cell phones deliver voice and data service and mobile computing to

many consumers around the world.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 19 of the Complaint.

20.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 20 of the Complaint, and therefore denies them.

21.    Apple admits that Qualcomm contributed to the development of certain standards related to how cellular phones connect to voice and data networks.  To the extent Paragraph 21 of the Complaint purports to describe matters within Qualcomm's knowledge and control, such as Qualcomm's investments and internal development projects, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 21, and therefore denies them.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 21.

22.    Apple admits that Qualcomm purports to have acquired certain patents from Palm and TouchTable.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations contained in Paragraph 22 of the Complaint, and therefore denies them.

23.    Apple admits that Qualcomm has made claims regarding the scope of its alleged patented technologies, but has not proven such allegations, as is its burden.  Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations relating to Qualcomm's patent portfolio in Paragraph 23 of the Complaint, and therefore denies them.  To the extent Paragraph 23 purports to describe matters within Qualcomm's knowledge and control, such as the number of Qualcomm's licensees, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 23, and therefore denies them.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 23.

## Apple Background

24.     Apple admits that it sells mobile electronic products globally, that it is a profitable company, and that its iPhones and other products are commercially successful, and states that Apple's and its products' commercial success are due to Apple's own creative achievement, technical innovation, differentiated technology, and astute business judgment.  To the extent Paragraph 24 of the Complaint purports to describe matters outside Apple's knowledge and control, such as the money and influence possessed by "many countries," Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 24 and therefore denies them.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 24.

## Qualcomm's Purported "Palm Patents"

25.     To the extent Paragraph 25 of the Complaint purports to describe matters within Qualcomm's knowledge and control, such as the breadth of its patent portfolio, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 25, and therefore denies them.  Apple admits that Qualcomm purports to have purchased a portfolio of patents formerly held by Palm.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 25.

26.     Apple is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations of Palm and the PalmPilot in Paragraph 26 of the Complaint, and therefore denies them.

27.     To the extent Paragraph 27 of the Complaint implicates legal conclusions, no response is required.  Apple admits that before the 2000s, mobile devices were capable of running multiple applications simultaneously, and that users of popular operating systems, such as Microsoft Windows and Apple's Mac OS, were accustomed to multitasking between multiple applications with ease.

Apple further admits that a small screen can present user interface challenges. Apple also admits that the '362 patent, purports to improve a user interface for a computer, by using a well-known card metaphor, a figure from which is shown in paragraph 27. Apple is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations of Palm's activities recited in Paragraph 27 of the Complaint, and therefore denies them. Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 27.

28. To the extent Paragraph 28 of the Complaint implicates legal conclusions, no response is required. Apple is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations of Palm's activities in Paragraph 28 of the Complaint, and therefore denies them. Apple admits that Qualcomm purports to quote isolated statements from, and refers to, certain articles regarding "Palm's Web OS" and "Palm Pre."[6] Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 28, and denies the unsubstantiated and unproven copying allegations, as Apple independently developed its own technology.

29. To the extent Paragraph 29 of the Complaint implicates legal conclusions, no response is required. Apple is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations of Palm's activities in Paragraph 29 of the Complaint, and therefore denies them. Apple admits that Qualcomm has made claims regarding the scope of its alleged patented technologies, but has not proven such allegations, as is its burden. Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations

---

[6] To the extent a response is required to Footnotes 4, 5, and 6 of the Complaint, the cited webpages are outside Apple's control and Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained therein, and therefore denies them.

and characterizations relating to the '928 patent in Paragraph 29, and therefore denies them. Except as specifically admitted, Apple denies the remaining allegations and characterizations in Paragraph 29.

30. To the extent Paragraph 30 of the Complaint implicates legal conclusions, no response is required. Apple is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations of Palm's activity in Paragraph 30 of the Complaint, and therefore denies them. Apple admits that Qualcomm has made claims regarding the scope of its alleged patented technologies, but has not proven such allegations, as is its burden. Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations relating to the '940 patent in Paragraph 30, and therefore denies them. Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 30.

31. To the extent Paragraph 31 of the Complaint implicates legal conclusions, no response is required. Apple is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations of Palm's activity in Paragraph 31 of the Complaint, and therefore denies them. Apple admits that for some Apple products, running some versions of iOS, a user may be presented with the options to accept or decline an incoming call, and may be further prompted with message options. Except as specifically admitted, Apple denies the remaining allegations and characterizations in Paragraph 31.

32. Apple denies the allegations and characterizations contained in Paragraph 32 of the Complaint.

## Qualcomm's Purported "TouchTable Patents"

33. To the extent Paragraph 33 of the Complaint purports to describe matters within Qualcomm's knowledge and control, such as its investments, Apple

is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 33, and therefore denies them. Apple admits that the '239 patent purports to have been assigned to TouchTable Inc. Except as specifically admitted, Apple is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 33, and therefore denies them.

34. To the extent Paragraph 34 of the Complaint implicates legal conclusions, no response is required. Apple is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 34, and therefore denies them.

35. Apple is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 35, and therefore denies them.

36. To the extent Paragraph 36 of the Complaint implicates legal conclusions, no response is required. Apple is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations of Hillis and Ferren in Paragraph 36 of the Complaint, and therefore denies them. Apple admits that Qualcomm has made claims regarding the scope of its alleged patented technologies, but has not proven such allegations, as is its burden. Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations relating to the '239 patent in Paragraph 36, and therefore denies them. Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 36.

**The Accused Devices**

37. To the extent Paragraph 37 of the Complaint implicates legal conclusions, no response is required. Apple admits that Qualcomm accuses certain Apple products of infringing the Asserted Patents. Apple denies that any of its

products practices or infringes any of the Asserted Patents.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 37.

**The Patents-In-Suit**

38.    To the extent Paragraph 38 of the Complaint implicates legal conclusions, no response is required.  Apple admits that Qualcomm identifies U.S. Patent No. 8,683,362 (the "'362 patent"); U.S. 8,497,928 (the "'928 patent"); U.S. Patent No. 8,665,239 (the "'239 patent"); U.S. 9,203,940 (the "'940 patent"); and U.S. 7,844,037 (the "'037 patent") as the Asserted Patents.  Apple denies that Apple or any of its products infringes any of the Asserted Patents.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 38.

39.    Apple denies the allegations and characterizations in Paragraph 39.

**U.S. Patent No. 8,683,362**

40.    Apple admits that the first page of the '362 patent lists an issue date of March 25, 2014, and identifies Qualcomm as assignee.  Apple admits that Qualcomm purports to have attached a copy of the '362 patent as Exhibit A to the Complaint.  Apple denies that the '362 patent is valid and enforceable.  Apple denies that Apple or any of its products infringes any asserted claim of the '362 patent.  Except as specifically admitted, Apple is currently without knowledge or information sufficient to form a belief as to the truth of any allegations and characterizations contained in Paragraph 40 of the Complaint, and therefore denies them.

41.    To the extent Paragraph 41 of the Complaint implicates legal conclusions, no response is required.  Apple denies the allegations and characterizations contained in Paragraph 41 to the extent Qualcomm purports to attribute to the '362 patent anything not claimed therein.  Apple denies that the allegations and characterizations contained in Paragraph 41 constitute a complete and accurate description of the '362 patent.  Apple further denies the allegations and characterizations contained in Paragraph 41 to the extent the allegations relate in

any way to a proposed construction of any claim of the Asserted Patents. Apple further denies that the '362 patent discloses anything novel or nonobvious. Apple denies any remaining allegations and characterizations contained in Paragraph 41.

**U.S. Patent No. 8,497,928**

42.     Apple admits that Qualcomm purports to be the current owner of the '928 patent. Apple admits that Qualcomm purports to have attached a copy of the '928 patent as Exhibit B to the Complaint. Apple denies that the '928 patent is valid and enforceable. Apple denies that Apple or any of its products infringes any asserted claim of the '928 patent. Except as specifically admitted, Apple is currently without knowledge or information sufficient to form a belief as to the truth of any allegations and characterizations contained in Paragraph 42 of the Complaint, and therefore denies them.

43.     To the extent Paragraph 43 of the Complaint implicates legal conclusions, no response is required. Apple denies the allegations and characterizations contained in Paragraph 43 to the extent Qualcomm purports to attribute to the '928 patent anything not claimed therein. Apple denies that the allegations and characterizations contained in Paragraph 43 constitute a complete and accurate description of the '928 patent. Apple further denies the allegations and characterizations contained in Paragraph 43 to the extent the allegations relate in any way to a proposed construction of any claim of the Asserted Patents. Apple further denies that the '928 patent discloses anything novel or nonobvious. Apple denies any remaining allegations and characterizations contained in Paragraph 43.

**U.S. Patent No. 8,665,239**

44.     Apple admits that the first page of the '239 patent lists an issue date of March 4, 2014. Apple admits that Qualcomm purports to be the current owner of the '239 patent. Apple admits that Qualcomm purports to have attached a copy of the '239 patent as Exhibit C to the Complaint. Apple denies that the '239 patent is valid and enforceable. Apple denies that Apple or any of its products infringes any

asserted claim of the '239 patent. Except as specifically admitted, Apple is currently without knowledge or information sufficient to form a belief as to the truth of any allegations and characterizations contained in Paragraph 44 of the Complaint, and therefore denies them.

45.    To the extent Paragraph 45 of the Complaint implicates legal conclusions, no response is required. Apple denies the allegations and characterizations contained in Paragraph 45 to the extent Qualcomm purports to attribute to the '239 patent anything not claimed therein. Apple denies that the allegations and characterizations contained in Paragraph 45 constitute a complete and accurate description of the '239 patent. Apple further denies the allegations and characterizations contained in Paragraph 45 to the extent the allegations relate in any way to a proposed construction of any claim of the Asserted Patents. Apple further denies that the '239 patent discloses anything novel or nonobvious. Apple denies any remaining allegations and characterizations contained in Paragraph 45.

### U.S. Patent No. 9,203,940

46.    Apple admits that the first page of the '940 patent lists an issue date of December 1, 2015, and identifies Qualcomm as assignee. Apple admits that Qualcomm purports to have attached a copy of the '940 patent as Exhibit D to the Complaint. Apple denies that the '940 patent is valid and enforceable. Apple denies that Apple or any of its products infringes any asserted claim of the '940 patent. Except as specifically admitted, Apple is currently without knowledge or information sufficient to form a belief as to the truth of any allegations and characterizations contained in Paragraph 46 of the Complaint, and therefore denies them.

47.    To the extent Paragraph 47 of the Complaint implicates legal conclusions, no response is required. Apple denies the allegations and characterizations contained in Paragraph 47 to the extent Qualcomm purports to attribute to the '940 patent anything not claimed therein. Apple denies that the

allegations and characterizations contained in Paragraph 47 constitute a complete and accurate description of the '940 patent. Apple further denies the allegations and characterizations contained in Paragraph 47 to the extent the allegations relate in any way to a proposed construction of any claim of the Asserted Patents. Apple further denies that the '940 patent discloses anything novel or nonobvious. Apple denies any remaining allegations and characterizations contained in Paragraph 47.

**U.S. Patent No. 7,844,037**

48. Apple admits that the first page of the '037 patent lists an issue date of November 30, 2010. Apple admits that Qualcomm purports to be the current owner of the '037 patent. Apple admits that Qualcomm purports to have attached a copy of the '037 patent as Exhibit E to the Complaint. Apple denies that the '037 patent is valid and enforceable. Apple denies that Apple or any of its products infringes any asserted claim of the '037 patent. Except as specifically admitted, Apple is currently without knowledge or information sufficient to form a belief as to the truth of any allegations and characterizations contained in Paragraph 48 of the Complaint, and therefore denies them.

49. To the extent Paragraph 49 of the Complaint implicates legal conclusions, no response is required. Apple denies the allegations and characterizations contained in Paragraph 49 to the extent Qualcomm purports to attribute to the '037 patent anything not claimed therein. Apple denies that the allegations and characterizations contained in Paragraph 49 constitute a complete and accurate description of the '037 patent. Apple further denies the allegations and characterizations contained in Paragraph 49 to the extent the allegations relate in any way to a proposed construction of any claim of the Asserted Patents. Apple further denies that the '037 patent discloses anything novel or nonobvious. Apple denies any remaining allegations and characterizations contained in Paragraph 49.

**COUNT 1**

**([ALLEGED] PATENT INFRINGEMENT – U.S. PATENT NO. 8,683,362)**

50.    Paragraphs 1–49 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to Paragraphs 1–49.

51.    To the extent Paragraph 51 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 51 of the Complaint, including because Apple does not infringe the '362 patent and because Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 51, and therefore denies them.

52.    Apple denies the allegations and characterizations contained in Paragraph 52 of the Complaint.

53.    To the extent Paragraph 53 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, at least some of the accused devices contain a touchscreen display, a processor, and a button; at least some of the accused devices have an "Application Switcher" function that can allow a user to move between applications or remove them from the display using gestures in different directions; at least some of the accused devices have a function that can display a single application at a time; at least some of the accused devices can run multiple applications; and the applications can be displayed as icons.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 53 of the Complaint.

54.    To the extent Paragraph 54 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, regarding only the specifically accused devices identified in paragraph 52 of

Qualcomm's Complaint, at least some accused devices are handheld mobile computing devices that can run variations of the iOS operating system. Further, at least some accused devices have a Home button and a processor that can receive and execute instructions, and run applications. The accused devices have a function that can display a single application at a time. At least some of the accused devices have an "Application Switcher" function, which can present an interface that allows a user to scroll through and open different applications, as well as remove them based on end-user input (e.g., gestures in different directions). At least some of the accused devices allow users to access the "Application Switcher" function by double-clicking the Home button. Apple admits that Qualcomm purports to cite to and/or quote from certain Apple webpages and refers to those sources for their contents and context.[7] Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 54 of the Complaint.

55. To the extent Paragraph 55 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required, Apple admits that at least some of the accused devices have an "Application Switcher" function that can allow a user to move between applications or remove them from the display using gestures in different directions. Apple denies the remaining allegations and characterizations contained in Paragraph 55 of the Complaint.

56. To the extent Paragraph 56 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required, Apple admits that at least some of the accused devices have an "Application Switcher" function that can allow a user to move between applications or remove them from

---

[7] To the extent any response is required to Footnotes 7 through 12 of the Complaint, Apple refers to the websites for their contents and context. Except as specifically admitted, Apple denies any allegations and characterizations in Footnotes 7 through 12.

the display them using gestures in different directions.  Apple denies the remaining allegations and characterizations contained in Paragraph 56 of the Complaint.

57.    To the extent Paragraph 57 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that at least some of the accused devices have functionality referred to as the App Switcher (a.k.a. "Application Switcher") and that icons corresponding to different applications can be displayed in the App Switcher user interface.  Apple denies the remaining allegations and characterizations contained in Paragraph 57 of the Complaint.

58.    To the extent Paragraph 58 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that at least some of the accused devices are mobile computing devices and have functionality referred to as the App Switcher (a.k.a. "Application Switcher").  Apple denies the remaining allegations and characterizations contained in Paragraph 58 of the Complaint.

59.    To the extent Paragraph 59 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that at least some of the accused devices are handheld devices that have functionality referred to as the App Switcher.  Apple denies the remaining allegations and characterizations contained in Paragraph 59 of the Complaint.

60.    To the extent Paragraph 60 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that at least some of the accused devices have functionality referred to as the App Switcher.  Apple admits that Qualcomm purports to cite to a certain Apple webpage and refers to that source for its content and context.[8]  Except as specifically

---

[8] To the extent any response is required to Footnote 13 of the Complaint, Apple refers to its website for its content and context.  Except as specifically admitted, Apple denies any allegations and characterizations in Footnote 13.

admitted, Apple denies the allegations and characterizations contained in Paragraph 60 of the Complaint.

61.    To the extent Paragraph 61 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that it learned of the '362 patent as of November 29, 2017, when Qualcomm filed this lawsuit.  Apple admits that its customers and/or end users of the iPhone 7 and iPhone 7 Plus devices operate these devices in the United States.  Apple admits that it provides user manuals for these devices.  To the extent Apple is without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 61, for example, because they implicate information in the possession and control of resellers, retailers, and end users, Apple denies those allegations on that basis.  Except as specifically admitted, Apple denies the remaining allegations and characterizations contained in Paragraph 61 of the Complaint.

62.    To the extent Paragraph 62 of the Complaint implicates legal conclusions, no response is required.  Apple admits that it imports and sells its iPhone 7 and iPhone 7 Plus devices in the United States.  Apple admits that it sells the accused devices to resellers, retailers, and end users.  Except as specifically admitted, Apple denies the remaining allegations and characterizations contained in Paragraph 62 of the Complaint.

63.    Apple denies the allegations and characterizations contained in Paragraph 63 of the Complaint.

64.    Apple denies the allegations and characterizations contained in Paragraph 64 of the Complaint.

**COUNT 2**

**([ALLEGED] PATENT INFRINGEMENT – U.S. PATENT NO. 8,497,928)**

65.     Paragraphs 1–64 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to Paragraphs 1–64.

66.     To the extent Paragraph 66 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 66 of the Complaint, including because Apple does not infringe the '928 patent and because Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 66.

67.     Apple denies the allegations and characterizations contained in Paragraph 67 of the Complaint.

68.     To the extent Paragraph 68 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that at least the iPhone 7 has an A10 processor, an image signal processor, a six-element lens, an actuator that adjusts the lens position, a sensor, and a rear-facing camera, as well as an Autofocus feature, a tap to focus feature, an "AE/AF Lock" feature, and an optical image stabilization feature.  Apple admits that at least in the iPhone 7 a yellow square can be overlaid on the displayed image.  Apple admits that Qualcomm purports to cite to and/or quote from a certain Apple webpage and refers to that source for its content and context.[9]  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 68 of the Complaint.

_____

[9] To the extent any response is required to Footnote 14 of the Complaint, Apple refers to its website for its content and context.  Except as specifically admitted, Apple denies any allegations and characterizations in Footnote 14.

69.    To the extent Paragraph 69 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that at least the iPhone 7 has an A10 processor, an image signal processor, a six-element lens, a sensor, as well as an Autofocus feature, a tap to focus feature, and an "AE/AF Lock" feature.  Apple further denies the allegations and characterizations contained in Paragraph 69 to the extent they purport to quote the vaguely cited source of "the Apple website."  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 69 of the Complaint.

70.    To the extent Paragraph 70 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that at least the iPhone 7 has a quad-LED true tone flash, and that the flash has an "auto" mode.  Apple admits that at least in the iPhone 7 an image can be captured in response to a user pressing a capture icon. Apple denies the allegations and characterizations contained in Paragraph 70 to the extent they purport to quote the vaguely cited source of "the Apple website."  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 70 of the Complaint.

71.    To the extent Paragraph 71 of the Complaint implicates legal conclusions, no response is required.   Apple denies the allegations and characterizations contained in Paragraph 71 of the Complaint.

72.    To the extent Paragraph 72 of the Complaint implicates legal conclusions, no response is required.   Apple admits that at least in the iPhone 7, a yellow square can be overlaid on the displayed image.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 72 of the Complaint.

73.     To the extent Paragraph 73 of the Complaint implicates legal conclusions, no response is required.  Apple denies the allegations and characterizations contained in Paragraph 73 of the Complaint.

74.     To the extent Paragraph 74 of the Complaint implicates legal conclusions, no response is required.  Apple denies the allegations and characterizations contained in Paragraph 74 of the Complaint.

75.     To the extent Paragraph 75 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the accused devices contain one or more processors.  Apple admits that at least the iPhone 7 displays an image, has a six-element lens, has an autofocus feature, has a tap-to-focus feature, has a quad-LED true tone flash, and that the flash has an "auto" mode.  Apple admits that at least in the iPhone 7 an image can be captured in response to a user pressing a capture icon.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 75 of the Complaint.

76.     To the extent Paragraph 76 of the Complaint implicates legal conclusions, no response is required.  Apple denies the allegations and characterizations contained in Paragraph 76 of the Complaint.

77.     To the extent Paragraph 77 of the Complaint implicates legal conclusions, no response is required.  Apple denies the allegations and characterizations contained in Paragraph 77 of the Complaint.

78.     To the extent Paragraph 78 of the Complaint implicates legal conclusions, no response is required.  Apple admits that it learned of the '928 patent as of November 29, 2017, when Qualcomm filed this lawsuit.  Apple admits that its customers and/or end users of the iPhone 3G S, iPhone 4, iPhone 4S, iPhone 5, iPhone 5C, iPhone 5S, iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPad Pro, iPad Air (and later), iPad (3rd gen and later), and iPad mini (and later) operate and/or operated certain of these devices in the

United States. Apple admits that it provides and/or provided user manuals for certain of these devices. To the extent Apple is without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 78, for example, because they implicate information in the possession and control of resellers, retailers, and end users, Apple denies those allegations on that basis. Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 78 of the Complaint.

79. To the extent Paragraph 79 of the Complaint implicates legal conclusions, no response is required. Apple admits that it imports and sells and/or imported and sold certain of its iPhone 3G S, iPhone 4, iPhone 4S, iPhone 5, iPhone 5C, iPhone 5S, iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPad Pro, iPad Air (and later), iPad (3rd gen and later), and iPad mini (and later) in the United States. Apple admits that it sells and/or sold certain of these devices to resellers, retailers, and/or end users. Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 79 of the Complaint.

80. Apple denies the allegations and characterizations contained in Paragraph 80 of the Complaint.

81. Apple denies the allegations and characterizations contained in Paragraph 81 of the Complaint.

## COUNT 3

## ([ALLEGED] PATENT INFRINGEMENT – U.S. PATENT NO. 8,665,239)

82. Paragraphs 1–81 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to Paragraphs 1–81.

83. To the extent Paragraph 83 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 83 of the

Complaint, including because Apple does not infringe the '239 patent and because Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 83.

84.     Apple denies the allegations and characterizations contained in Paragraph 84 of the Complaint.

85.     To the extent Paragraph 85 of the Complaint implicates legal conclusions, no response is required.  Apple admits that in the iPhone 6S, iPhone 6S Plus, iPhone 7, and iPhone7 Plus have a user interface that recognizes gestures on a touch-sensitive display, and that those gestures may result in a change in what is displayed.  Apple denies the allegations and characterizations contained in Paragraph 85 of the Complaint.

86.     To the extent Paragraph 86 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the iPhone 7 contains an Apple A10 processor with an embedded M10 motion coprocessor, a touchscreen display, a Samsung memory, and a Toshiba memory IC.  Apple further admits that some versions of iOS contain UIKit framework and/or UITouch frameworks, respectively.  Apple admits that Qualcomm purports to cite to certain Apple webpages and refers to those sources for their contents and context.[10]  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 86 of the Complaint.

87.     To the extent Paragraph 87 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 87 of the Complaint.

---

[10] To the extent any response it required to Footnotes 16 through 20 of the Complaint, Apple refers to the websites for their contents and context.  Except as specifically admitted, Apple denies any allegations and characterizations in Footnotes 16 through 20.

88.     To the extent Paragraph 88 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the iPhone 6S, iPhone 6S Plus, iPhone 7, and iPhone7 Plus contain executable computer instructions that are capable of recognizing gestures an end-user has made on the touch-sensitive display.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 88 of the Complaint.

89.     To the extent Paragraph 89 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 89 of the Complaint.

90.     To the extent Paragraph 90 of the Complaint implicates legal conclusions, no response is required.  Apple admits that it learned of the '239 patent as of November 29, 2017, when Qualcomm filed this lawsuit.  Apple admits that its customers and/or end users of the iPhone 6S, iPhone 6S Plus, iPhone 7, and iPhone 7 Plus operate and/or operated certain of these devices in the United States.  Apple admits that it provides and/or provided user manuals for certain of these devices. To the extent Apple is without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 90, for example, because they implicate information in the possession and control of resellers, retailers, and end users, Apple denies those allegations on that basis.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 90 of the Complaint.

91.     To the extent Paragraph 91 of the Complaint implicates legal conclusions, no response is required.  Apple admits that it imports and sells and/or imported and sold certain of its iPhone 6S, iPhone 6S Plus, iPhone 7, and iPhone 7 Plus in the United States.  Apple admits that it sells and/or sold certain of these devices to resellers, retailers, and/or end users.  Except as specifically admitted,

Apple denies the allegations and characterizations contained in Paragraph 91 of the Complaint.

92.    Apple denies the allegations and characterizations contained in Paragraph 92 of the Complaint.

93.    Apple denies the allegations and characterizations contained in Paragraph 93 of the Complaint.

## COUNT 4

## ([ALLEGED] PATENT INFRINGEMENT – U.S. PATENT NO. 9,203,940)

94.    Paragraphs 1–93 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to Paragraphs 1–93.

95.    To the extent Paragraph 95 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 95 of the Complaint, including because Apple does not infringe the '940 patent and because Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 95.

96.    Apple denies the allegations and characterizations contained in Paragraph 96 of the Complaint.

97.    To the extent Paragraph 97 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the accused devices include a physical button used in turning the phone on.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 97 of the Complaint.

98.    Apple denies the allegations and characterizations contained in Paragraph 98 of the Complaint.

99.    To the extent Paragraph 99 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, regarding only the specifically accused devices identified in paragraph 96 of Qualcomm's Complaint, Apple admits the accused devices are mobile computing devices including a display, a physical button used in turning the phone on, and at least one processor.  Further, regarding only the specifically accused devices identified in paragraph 96 of Qualcomm's Complaint, Apple admits that the accused iPhone devices present a notification when the iPhone receives an incoming call that may in some instances display information such as a name or number of the person calling.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 99 of the Complaint.

100.  To the extent Paragraph 100 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 100 of the Complaint.

101.  To the extent Paragraph 101 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 101 of the Complaint.

102.  To the extent Paragraph 102 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits the user of some accused devices may be able to answer a telephone call by tapping a portion of the touchscreen display.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 102 of the Complaint.

103.  To the extent Paragraph 103 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required,

Apple admits that some accused devices may include a structure that can be used to mute sounds and alerts on the device. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 103 of the Complaint.

104. To the extent Paragraph 104 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, regarding only the specifically accused devices identified in paragraph 96 of Qualcomm's Complaint, Apple admits the accused devices are mobile computing devices including a radio, a display, a physical button used in turning the phone on, at least one processor, and memory. Further, regarding only the specifically accused devices identified in paragraph 96 of Qualcomm's Complaint, Apple admits that the accused iPhone devices present a notification when the iPhone receives an incoming call that may in some cases display information such as a name or number of the person calling. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 104 of the Complaint.

105. To the extent Paragraph 105 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 105 of the Complaint.

106. To the extent Paragraph 106 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 106 of the Complaint.

107. To the extent Paragraph 107 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits the user of some accused devices may be able to answer a telephone call by tapping a portion of the touchscreen display. Except as specifically admitted

and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 107 of the Complaint.

108. To the extent Paragraph 108 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits that some accused devices may include a structure that can be used to mute sounds and alerts on the device. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 108 of the Complaint.

109. To the extent Paragraph 109 of the Complaint implicates legal conclusions, no response is required. Apple admits that it learned of the '940 patent as of November 29, 2017, when Qualcomm filed this lawsuit. Apple admits that its customers and/or end users of the iPhone 4, iPhone 5, iPhone 6, iPhone 6S, iPhone 6S Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPhone 8, iPad mini 4, and the 12.9" 2015 iPad Pro operate and/or operated certain of these devices in the United States. Apple admits that it provides and/or provided user manuals for certain of these devices. To the extent Apple is without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 109, for example, because they implicate information in the possession and control of resellers, retailers, and end users, Apple denies those allegations on that basis. Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 109 of the Complaint.

110. To the extent Paragraph 110 of the Complaint implicates legal conclusions, no response is required. Apple admits that it imports and sells and/or imported and sold certain of its iPhone 4, iPhone 5, iPhone 6, iPhone 6S, iPhone 6S Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPhone 8, iPad mini 4, and the 12.9" 2015 iPad Pro in the United States. Apple admits that it sells and/or sold certain of these devices to resellers, retailers, and/or end users. Except as specifically admitted,

Apple denies the allegations and characterizations contained in Paragraph 110 of the Complaint.

111. Apple denies the allegations and characterizations contained in Paragraph 111 of the Complaint.

112. Apple denies the allegations and characterizations contained in Paragraph 112 of the Complaint.

## COUNT 5

## ([ALLEGED] PATENT INFRINGEMENT – U.S. PATENT NO. 7,844,037)

113. Paragraphs 1–112 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to Paragraphs 1–112.

114. To the extent Paragraph 114 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 114 of the Complaint, including because Apple does not infringe the '037 patent and because Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 114.

115. Apple denies the allegations and characterizations contained in Paragraph 115 of the Complaint.

116. To the extent Paragraph 116 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 116 of the Complaint. Apple admits that in some limited instances, for some Apple products, running some versions of iOS, a user receiving an incoming phone call may be presented with messaging options, however, Qualcomm's allegations in this regard lack specificity sufficient for Apple to admit or deny, and Apple therefore denies them.

Case No. 3:17-CV-2403-CAB-MDD

117. To the extent Paragraph 117 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 117 of the Complaint.[11]

118. To the extent Paragraph 118 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 118 of the Complaint.

119. To the extent Paragraph 119 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 119 of the Complaint.

120. To the extent Paragraph 120 of the Complaint implicates legal conclusions, no response is required. Apple admits that it learned of the '037 patent as of November 29, 2017, when Qualcomm filed this lawsuit. Apple admits that its customers and/or end users of certain of the iPhones and iPads operate and/or operated certain of these devices in the United States. Apple admits that it provides and/or provided user manuals for certain of these devices. To the extent Apple is without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 120, for example, because they implicate information in the possession and control of resellers, retailers, and end users, Apple denies those allegations on that basis. Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 120 of the Complaint.

---

[11] To the extent a response is required to Footnote 21 of the Complaint, Apple refers to the information available at https://support.apple.com/en-us/HT207006 regarding iMessage for its content and context, and further that statements therein are made outside of the context and meaning of any Asserted Patents and their respective claims in this action.

121. To the extent Paragraph 121 of the Complaint implicates legal conclusions, no response is required. Apple admits that it imports and sells and/or imported and sold certain of its iPhones and/or iPads in the United States. Apple admits that it sells and/or sold certain of these devices to resellers, retailers, and/or end users. Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 121 of the Complaint.

122. Apple denies the allegations and characterizations contained in Paragraph 122 of the Complaint.

123. Apple denies the allegations and characterizations contained in Paragraph 123 of the Complaint.

## PRAYER FOR RELIEF

Apple denies that Qualcomm is entitled to any relief whatsoever, whether as sought in the Prayer for Relief of its Complaint for Patent Infringement or otherwise, in connection with this civil action.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Apple, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

## FIRST DEFENSE

124. Qualcomm's claims are barred in whole or in part because Apple has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement, of any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

## SECOND DEFENSE

125. Qualcomm's claims are barred in whole or in part because each asserted claim of the Asserted Patents is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or of any other applicable statutory

provisions of Title 35 of the United States Code.  Paragraphs 21-22, 29-31, 38-40, 47-49, and 56-58 of Apple's Counterclaims are incorporated by reference as if set forth in full herein.  The prior art identified in these paragraphs is exemplary only and should not be construed as limiting in any way the defenses that Apple will present in this case.

### THIRD DEFENSE

126.  Qualcomm's claims are barred in whole or in part by reason of estoppel.

127.  Qualcomm is estopped from construing any valid claim of the Asserted Patents to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any product made, used, imported, sold, or offered for sale by Apple in view of prior art and/or because of admissions, representations, and/or statements made to the Patent Office during prosecution of any application leading to the issuance of the Asserted Patents or any related patent, because of disclosure or language in the specifications of the Asserted Patents, and/or because of limitations in the claims of the Asserted Patents.

### FOURTH DEFENSE

128.  Qualcomm's claims are barred in whole or in part as a result of patent exhaustion and/or a license to the Asserted Patents.

129.  For example, Apple is licensed to the extent any agreement between Qualcomm and an Apple contract manufacturer extends to Apple or any accused products.  Further, to the extent the claims of one or more of the Asserted Patents are licensed by an Apple contract manufacturer and/or substantially embodied in an end product or component purchased by Apple from a seller authorized by Qualcomm, Qualcomm's patent rights are exhausted.  The allegations set forth herein are made on information and belief of Apple and are subject to the discovery of additional evidence.

## FIFTH DEFENSE

130.  Qualcomm's remedies are limited under 28 U.S.C. § 1498(a).  Apple is
not liable to the extent the accused products were used or manufactured by or for the
United States, or to the extent accused activities were undertaken on behalf of the
United States, according to at least 28 U.S.C. § 1498.

## SIXTH DEFENSE

131.  To the extent that Qualcomm and any predecessors in interest to the
Asserted Patents failed to properly mark any of their relevant products or materials
as required by 35 U.S.C. § 287, or otherwise give proper notice that Apple's actions
allegedly infringe the Asserted Patents, Apple is not liable to Qualcomm for the acts
alleged to have been performed before it received actual notice that it was allegedly
infringing the Asserted Patents.

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

132.  Apple hereby gives notice that it intends to rely upon any other matter
constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the
Federal Rules of Civil Procedure, and that it reserves the right to seek leave to
amend this Answer to add to, amend, withdraw, or modify these defenses as its
investigation continues and as discovery may require.

## COUNTERCLAIMS

Counterclaimant Apple Inc. ("Apple"), through its undersigned counsel,
counterclaims and alleges against Qualcomm Incorporated as follows:

## PARTIES

1.  Apple is a California corporation having its principal place of business
at 1 Infinite Loop, Cupertino, California 95014.  Apple designs, manufactures, and
markets mobile communication and media devices, personal computers, and
portable music players, as well as related software, accessories, and content.

2.  Qualcomm Incorporated ("Qualcomm") is a Delaware corporation
having its principal place of business at 5775 Morehouse Drive, San Diego,

California 92121. Qualcomm is a global semiconductor company that designs and markets wireless telecommunications products and services.

3. Qualcomm has offices and employees in this District and regularly conducts business in this District.

## JURISDICTION

4. Apple brings these counterclaims under, *inter alia*, the patent laws of the United States, 35 U.S.C. § 1 *et seq.*; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338(a) (patents), and 2201 and 2202 (declaratory judgment), 1367(a)(supplemental jurisdiction).

5. Qualcomm is subject to the personal jurisdiction of this Court for at least the reason that, in filing its Complaint, Qualcomm has submitted to the personal jurisdiction of this Court. Qualcomm is further subject to the personal jurisdiction of this Court for at least the reasons that its principal place of business is in this District, it has offices and employees in this District, and regularly conducts business in this District.

6. To the extent that venue is proper for Qualcomm's claims, venue is also proper for these counterclaims under 28 U.S.C. §§ 1391(b) and 1391(c). Venue for the patent infringement counterclaims is also proper under 28 U.S.C. § 1400(b). Qualcomm has consented to venue in this District by bringing this action.

## DECLARATORY JUDGMENT COUNTERCLAIMS
## QUALCOMM'S PATENTS-IN-SUIT

7. Qualcomm purports to be the owner of U.S. Patent No. 8,683,362 ("the '362 patent"). The first page of the '362 patent lists an issue date of March 25, 2014 and identifies Qualcomm as assignee. Qualcomm purports to have attached a copy of the '362 patent as Exhibit A to the Complaint.

8. Qualcomm purports to be the owner of U.S. Patent No. 8,497,928 ("the '928 patent"). The first page of the '928 patent lists an issue date of July 30, 2013,

and identifies Palm, Inc. as assignee. Qualcomm purports to have attached a copy of the '928 patent as Exhibit B to the Complaint.

9. Qualcomm purports to be the owner of U.S. Patent No. 8,665,239 ("the '239 patent"). The first page of the '239 patent lists an issue date of March 4, 2014, and identifies Qualcomm as assignee. Qualcomm purports to have attached a copy of the '239 patent as Exhibit C to the Complaint.

10. Qualcomm purports to be the owner of U.S. Patent No. 9,203,940 ("the '940 patent"). The first page of the '940 patent lists an issue date of December 1, 2015, and identifies Qualcomm as assignee. Qualcomm purports to have attached a copy of the '940 patent as Exhibit D to the Complaint.

11. Qualcomm purports to be the owner of U.S. Patent No. 7,844,037 ("the '037 patent"). The first page of the '037 patent lists an issue date of November 30, 2010, and identifies Palm, Inc. as assignee. Qualcomm purports to have attached a copy of the '037 patent as Exhibit E to the Complaint.

12. Qualcomm has alleged that acts by Apple infringe the '362, '928, '239, '940, and '037 patents (collectively, "the Asserted Patents").

13. Accordingly, an actual controversy exists between Apple and Qualcomm regarding the alleged infringement, validity, and enforceability of the Asserted Patents. This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

## COUNT I

### Declaration of Noninfringement of U.S. Patent No. 8,683,362

14. Apple restates and incorporates by reference each of the allegations set forth above.

15. Qualcomm purports to charge Apple with infringement of the '362 patent in its Complaint. (Dkt. 1 [Complaint] at Count 1.)

16. No asserted claim of the '362 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of

equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products.

17.    For example, Qualcomm purports to charge Apple with infringement of claim 1 of the '362 patent.  Claim 1 of the '362 patent reads as follows (claim element enumeration added for convenience):

| **Claim 1** |
| --- |
| [a] | A computer system comprising: |
| [b] | a physical button; |
| [c] | a processor coupled to the physical button; |
| [d] | a touch-sensitive display screen coupled to the processor, the processor to receive gesture input on the touch-sensitive display screen and operate the computer system in any one of at least two display modes, wherein: |
| [e] | during a given duration, the processor operates at least a first application and a second application concurrently; |
| [f] | in a full-screen mode, the processor provides, on the touch-sensitive display screen, a user interface for only one of either the at least first application or the second application; |
| [g] | in a windowed mode, the processor: |
| [h] | provides on the touch-sensitive display screen, a first card corresponding to the first application, and a first portion of a second card so that a second portion of the second card is not visible on the touch-sensitive display screen, the second card corresponding to the second application, wherein at least the first card displays content from operation of the first application, the content corresponding to (i) an output from an application, (ii) a task, (iii) a message, (iv) a document, or (v) a web page; |
| [i] | responds to a directional contact along a first direction on the touch- |

| | | sensitive display screen by changing a position of the first card relative to the touch-sensitive display screen in the first direction; and |
|---|---|---|
| | [j] | responds to a directional contact of moving the first card or the second card along a second direction that is different than the first direction on the touch-sensitive display screen by (i) identifying one of the first card or second card as being selected based on the directional contact along the second direction, and (ii) dismissing the selected first card or second card from the touch-sensitive display screen in the second direction so that the corresponding first application or second application is closed; |
| | [k] | wherein the processor, in response to receiving user input via the physical button, transitions the computer system at least (i) from the full-screen mode to the windowed mode, or (ii) from the windowed mode to the full-screen mode. |

18. Claim 1 of the '362 patent has not been infringed, and is not infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products, at least because, by way of non-limiting example, Apple's products do not satisfy at least one of the following claim limitations: 1[d], [1e], [1f], [1g], [1h], [1i], [1j] and 1[k].

19. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that Apple does not infringe and has not infringed any claim of the '362 patent.

## COUNT II

## Declaration of Invalidity of U.S. Patent No. 8,683,362

20.    One or more claims of the '362 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112.  By way of non-limiting example, the representative claim, claim 1, of the '362 patent is anticipated and/or rendered obvious in view of U.S. Patent No. 5,574,846.

21.    U.S. Patent No. 5,574,846 issued on November 12, 1996.  Because the publication date of this reference predates the earliest application to which the '362 patent claims priority by more than one year, it qualifies as prior art under at least 35 U.S.C. § 102(b).

22.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that one or more claims of the '362 patent is invalid.

## COUNT III

## Declaration of Noninfringement of U.S. Patent No. 8,497,928

23.    Apple restates and incorporates by reference each of the allegations set forth above.

24.    Qualcomm purports to charge Apple with infringement of the '928 patent in its Complaint.  (Dkt. 1 [Complaint] at Count 2.)

25.    No asserted claim of the '928 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products.

26.    For example, Qualcomm purports to charge Apple with infringement of claims 1, 7, and 10 of the '928 patent.  Claims 1, 7, and 10 of the '928 patent read as follows (claim element enumeration added for convenience):

| Claim 1 |
|---|
| [a] A mobile electronic device, comprising: |
| [b] a lens component coupled to a lens position component; |
| [c] a touchscreen display to display an image having a first focal point; and |
| [d] one or more processors to provide: |
| [e]     a focal point selection module to receive a user input of a first type to select a second focal point, the second focal point corresponding to a location on the image displayed on the touchscreen display; |
| [f]     a focus control module coupled to the focal point selection module to provide one or more focus control signals to the lens position component in order to cause the lens position component to focus the lens component from the first focal point to the second focal point while the image is being displayed; |
| [g]     a flash component coupled to a flash control module, wherein the flash control module is configured to select a flash level value representing a flash intensity for the flash component based on the second focal point; and |
| [h] wherein the one or more processors captures the image, based on the flash level value, in response to a second type of user input on the touchscreen display, the second type of user input being different than the first type of user input. |

| Claim 7 |
|---|
| [a] A method for operating a mobile device, the method being performed by one or more processors and comprising: |
| [b] displaying, on a touchscreen display, an image having a first focal point, the image being provided by a lens component; |

| | |
|---|---|
| [c] | selecting a second focal point for the image in response to receiving a first type of user input on the touchscreen display, the second focal point corresponding to a location on the image displayed on the touchscreen display; |
| [d] | focusing the lens component from the first focal point to the second focal point while the image is being displayed; |
| [e] | selecting a flash level value representing a flash intensity for a flash component based on the second focal point; and |
| [f] | capturing the image, based on the flash level value, in response to a second type of user input on the touchscreen display, the second type of user input being different than the first type of user input. |

| | |
|---|---|
| **Claim 10** | |
| [a] | A non-transitory computer readable storage medium storing instructions, the instructions when executed by one or more processors cause the one or more processors to perform a method comprising: |
| [b] | displaying, on a touchscreen display, an image having a first focal point, the image being provided by a lens component; |
| [c] | selecting a second focal point for the image in response to a first type of user input on the touchscreen display, the second focal point corresponding to a location on the image displayed on the touchscreen display; |
| [d] | focusing the lens component from the first focal point to the second focal point while the image is being displayed; |
| [e] | selecting a flash level value representing a flash intensity for a flash component based on the second focal point; and |
| [f] | capturing the image, based on the flash level value, in response to a second type of user input on the touchscreen display, the second type of user input being different than the first type of user input. |

27. Claims 1, 7, and 10 of the '928 patent have not been infringed, and are not infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products, at least because, by way of non-limiting example, Apple's products do not satisfy at least one of the following claim limitations: 1[e], 1[g], 1[h], 7[c], 7[e], 7[f], 10[c], 10[e], and 10[f].

28. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that Apple does not infringe and has not infringed any claim of the '928 patent.

## COUNT IV

### Declaration of Invalidity of U.S. Patent No. 8,497,928

29. One or more claims of the '928 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112. By way of non-limiting example, the representative claim, claim 1, of the '928 patent is anticipated and/or rendered obvious in view of U.S. Patent No. 7,471,846.

30. U.S. Patent No. 7,471,846 issued on December 30, 2008 from an application that was filed on June 26, 2003. Because the filing date of this reference predates the earliest application to which the '928 patent claims priority, it qualifies as prior art under at least 35 U.S.C. § 102(e).

31. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that one or more claims of the '928 patent is invalid.

## COUNT V

### Declaration of Noninfringement of U.S. Patent No. 8,665,239

32. Apple restates and incorporates by reference each of the allegations set forth above.

33.    Qualcomm purports to charge Apple with infringement of the '239 patent in its Complaint.  (Dkt. 1 [Complaint] at Count 3.)

34.    No asserted claim of the '239 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products.

35.    For example, Qualcomm purports to charge Apple with infringement of claims 1 and 3 of the '239 patent.  Claims 1 and 3 of the '239 patent read as follows (claim element enumeration added for convenience):

| Claim 1 | |
| --- | --- |
| [a] | A computer implemented method performed in a system including a processor coupled to digital data storage and a display having a touch-sensitive display surface, the method comprising the tasks of: |
| [b] | in the digital data storage, storing a record defining a collection of multiple user gestures, each user gesture executable by touching the display, and further storing for each user gesture an assignment of one or more of multiple prescribed operations of modifying subject matter presented by the display; |
| [c] | for each of one or more touches experienced by the display surface, the processor determining the magnitude of the touch upon the display surface; |
| [d] | based on one or more prescribed properties of the one or more touches experienced by the display surface, the processor identifying from the collection of user gestures at least one user gesture executed by the one or more touches; |
| [e] | the processor identifying the one or more prescribed operations assigned to the executed user gesture, and causing the display to modify the subject matter presented by the display according to the identified one or more operations; and |
| [f] | where the tasks are further performed according to any or both of: |

| | |
|---|---|
| [g] | (1) the identification of the executed user gesture is performed based on properties including the determined magnitude of the one or more touches; |
| [h] | (2) as to the manner in which the subject matter presented by the display is modified according to the identified one or more operations, said manner is further responsive to the determined magnitude of the one or more touches. |

| **Claim 3** |
|---|
| [a] | At least one non-transitory computer-readable storage medium containing a program of machine-readable instructions executable by a digital data processing machine to perform tasks for operating an interactive display system including a processor coupled to digital data storage and a display having a touch-sensitive display surface, where the digital data storage contains a record defining a collection of one or more user gestures, each user gesture executable by touching the display, and where the digital data storage further contains for each user gesture an assignment of one or more prescribed operations of modifying subject matter presented by the display, where the tasks comprise: |
| [b] | for each of one or more touches experienced by the display surface, the processor determining the magnitude of the touch upon the display surface; |
| [c] | based on one or more prescribed properties of the one or more touches experienced by the display surface, the processor identifying from the collection of user gestures at least one user gesture executed by the one or more touches; |
| [d] | the processor identifying the one or more prescribed operations assigned to the executed user gesture, and causing the display to modify the subject matter presented by the display according to the identified one or more operations; and |
| [e] | where the tasks are further performed according to any or both of: |
| [f] | (1) the identification of the executed user gesture is performed based on |

| | |
|---|---|
| | properties including the determined magnitude of the one or more touches; |
| [g] | (2) as to the manner in which the subject matter presented by the display is modified according to the identified one or more operations, said manner is further responsive to the determined magnitude of the one or more touches. |

36.     Claims 1 and 3 of the '239 patent have not been infringed, and are not infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products, at least because, by way of non-limiting example, Apple's products do not satisfy at least one of the following claim limitations: 1[b], 1[c], 1[d], 3[b], 3[c], 3[d].

37.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that Apple does not infringe and has not infringed any claim of the '239 patent.

## COUNT VI

## Declaration of Invalidity of U.S. Patent No. 8,665,239

38.     One or more claims of the '239 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112. By way of non-limiting example, the representative claim, claim 1, of the '239 patent is anticipated and/or rendered obvious in view of U.S. Patent No. 6,414,671.

39.     U.S. Patent No. 6,414,671 issued on July 2, 2002 from an application that was filed on March 24, 1998. Because the publication date of this reference predates the earliest application to which the '239 patent claims priority by more than one year, it qualifies as prior art under at least 35 U.S.C. § 102(b).

40.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that one or more claims of the '239 patent is invalid.

**COUNT VII**

**Declaration of Noninfringement of U.S. Patent No. 9,203,940**

41.    Apple restates and incorporates by reference each of the allegations set forth above.

42.    Qualcomm purports to charge Apple with infringement of the '940 patent in its Complaint.  (Dkt. 1 [Complaint] at Count 4.)

43.    No asserted claim of the '940 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products.

44.    For example, Qualcomm purports to charge Apple with infringement of claims 1 and 12 of the '940 patent.  Claims 1 and 12 of the '940 patent read as follows (claim element enumeration added for convenience):

| **Claim 1** | |
| --- | --- |
| [a] | A method for operating a mobile computing device including a display, a power button, a radio, and one or more processors, the method performed by the one or more processors of the mobile computing device and comprising: |
| [b] | when a telephone call is being received by the mobile computing device, |
| [c] | presenting a notification on the display indicating the telephone call; and |
| [d] | enabling a user to silence a ring associated with the telephone call by pressing the power button without turning off the mobile computing device; and |
| [e] | when the telephone call is not being received by the mobile computing device, enabling the user to activate a backlight of the display by pressing the power button. |

| **Claim 12** | |
| --- | --- |

| [a] | A mobile computing device, comprising: |
|---|---|
| [b] | a radio; |
| [c] | a display; |
| [d] | a power button; |
| [e] | a processor; and |
| [f] | a memory storing instructions that, when executed by the processor, cause the mobile computing device to: |
| [g] | when a telephone call is being received by the mobile computing device, |
| [h] | present a notification on the display indicating the telephone call; and |
| [i] | enable a user to silence a ring associated with the telephone call by pressing the power button without turning off the mobile computing device; and |
| [j] | when the telephone call is not being received by the mobile computing device, enable the user to activate a backlight of the display by pressing the power button. |

45. Claims 1 and 12 of the '940 patent have not been infringed, and are not infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products, at least because, by way of non-limiting example, Apple's products do not satisfy at least one of the following claim limitations: 1[d], 1[e], 12[i], and 12[j].

46. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that Apple does not infringe and has not infringed any claim of the '940 patent.

## COUNT VIII

## Declaration of Invalidity of U.S. Patent No. 9,203,940

47.    One or more claims of the '940 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq*., including 35 U.S.C. §§ 101, 102, 103, and/or 112. By way of non-limiting example, the representative claim, claim 1, of the '940 patent is anticipated and/or rendered obvious in view of U.S. Patent No. 7,444,172 or U.S. Patent No 7,444,172 in view of JP 10215299.

48.    U.S. Patent No. 7,444,172 issued on October 28, 2008 from an application that was filed on December 9, 1999.  JP 10215299 was published on August 11, 1998.  Because the filing date and publication date of these references predate the earliest application to which the '940 patent claims priority, they, alone or in combination, qualify as prior art under at least 35 U.S.C. § 102(a) or (b).

49.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Apple requests the declaration of the Court that one or more claims of the '940 patent is invalid.

## COUNT IX

## Declaration of Noninfringement of U.S. Patent No. 7,844,037

50.    Apple restates and incorporates by reference each of the allegations set forth above.

51.    Qualcomm purports to charge Apple with infringement of the '037 patent in its Complaint.  (Dkt. 1 [Complaint] at Count 5.)

52.    No asserted claim of the '037 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products.

53.    For example, Qualcomm purports to charge Apple with infringement of claim 1 of the '037 patent.  Claim 1 of the '037 patent reads as follows (claim

element enumeration added for convenience):

| Claim 1 | |
|---|---|
| [a] | A method for operating a first computing device, the method being implemented by one or more processors of the computing device and comprising: |
| [b] | receiving, from a second computing device, an incoming call to initiate a voice-exchange session; |
| [c] | in response to receiving the incoming call, determining a message identifier associated with the second computing device, wherein the message identifier is determined based at least in part on data provided with the incoming call; |
| [d] | in response to receiving the incoming call, prompting a user of the first computing device to enter user input that instructs the first computing device to handle the incoming call by composing, while not answering the incoming call, a message to a user of the second computing device; and |
| [e] | responsive to receiving the incoming call and the user entering the user input, automatically addressing the message to the second computing device using the message identifier determined from the incoming call. |

54.    Claim 1 of the '037 patent has not been infringed, and is not infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products, at least because, by way of non-limiting example, Apple's products do not satisfy at least one of the following claim limitations: 1[b], 1[c], 1[d], and 1[e].

55.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that Apple does not infringe and has not infringed any claim of the '037 patent.

## COUNT X

## Declaration of Invalidity of U.S. Patent No. 7,844,037

56.     One or more claims of the '037 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq*., including 35 U.S.C. §§ 101, 102, 103, and/or 112. By way of non-limiting example, the representative claim, claim 1, of the '037 patent is anticipated and/or rendered obvious in view of U.S. Patent No. 7,010,288.

57.     U.S. Patent No. 7,010,288 issued on March 7, 2006 from an application that was filed on May 6, 2002. Because the filing date of this reference predates the earliest application to which the '037 patent claims priority, it qualifies as prior art under at least 35 U.S.C. § 102(a) or (b).

58.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Apple requests the declaration of the Court that one or more claims of the '037 patent is invalid.

## JURY DEMAND

Apple demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for relief, as follows:

A.     A declaration that Apple has not infringed and does not infringe any valid and enforceable claim of the '362, '928, '239, '940, and '037 patents;

B.     A declaration that the '362, '928, '239, '940, and '037 patents are invalid;

C.     As an alternative, for any of the '362, '928, '239, '940, and '037 patents found to be actually infringed by Apple and not invalid, unenforceable or already licensed, and to the extent that the jury does not award a paid-up royalty for such patent(s), a determination of a prospective royalty (*see Paice LLC v. Toyota Motor Corp.*, 503 F.3d 1293 (Fed. Cir. 2007));

D.     An order barring Qualcomm and its officers, agents, servants,

employees, attorneys, and others in active concert or participation with them from asserting infringement or instituting or continuing any legal action for infringement of the '362, '928, '239, '940, and '037 patents against Apple or its suppliers, manufacturers, distributors, resellers of its products, customers, or end users of its products;

E.    An award of expenses, costs, and disbursements in this action, including prejudgment interest;

F.    An order declaring that this is an exceptional case and awarding Apple its reasonable attorney fees under 35 U.S.C. § 285; and

G.    Such other and additional relief as this Court may deem just and proper

Dated:  January 22, 2018          Respectfully submitted,

                                  By: /s/ Michael A. Amon
                                     Juanita R. Brooks, SBN 75934
                                     brooks@fr.com
                                     Jason W. Wolff, SBN 215819
                                     wolff@fr.com
                                     Seth M. Sproul, SBN 217711
                                     sproul@fr.com
                                     Michael A. Amon, SBN 226221
                                     amon@fr.com
                                     Fish & Richardson P.C.
                                     12390 El Camino Real
                                     San Diego, CA 92130
                                     Phone:  858-678-5070 / Fax:  858-678-5099

                                     Ruffin B. Cordell, DC Bar No. 445801
                                     *appearing pro hac vice*
                                     cordell@fr.com
                                     Lauren A. Degnan, DC Bar No. 452421
                                     *appearing pro hac vice*
                                     degnan@fr.com
                                     Fish & Richardson P.C.
                                     The McPherson Building
                                     901 15th Street, N.W., 7th Floor
                                     Washington, D.C.  20005
                                     Phone:  202-783-5070 / Fax:  202-783-2331

                                     Benjamin C. Elacqua, TX Bar No. 24055443
                                     *appearing pro hac vice*
                                     elacqua@fr.com
                                     Fish & Richardson P.C.

1221 McKinney Street, Suite 2800
Houston, TX 77010
Phone: 713-654-5300 / Fax: 713-652-0109

Thad Kodish, GA Bar No. 427603
*appearing pro hac vice*
kodish@fr.com
Erin Alper, GA Bar No. 940408
*appearing pro hac vice*
alper@fr.com
Jacqueline Tio, GA Bar No. 940376
*appearing pro hac vice*
tio@fr.com
Fish & Richardson P.C.
1180 Peachtree Street N.E., 21st floor
Atlanta, GA 30309
Phone: 404-892-5005/ Fax: 404-892-5002

Betty H. Chen, SBN 290588
bchen@fr.com
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Phone: 650-893-5070/ Fax: 650-893-5071

***Attorneys for Defendant Apple Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system pursuant to Local Rule 5.4(d).


Dated:  January 22, 2018                    */s/ Michael A. Amon*